CHARLES J. SCHUCK, Judge.
On or about the 10th day of February 1932, the state road commission was engaged in repairing a certain bridge crossing the Guyandotte river at Gilbert, West Virginia. As part of the work of making said repairs, the workmen engaged thereon were obliged to use hot rivets in welding certain brackets or supports to the said bridge for the purpose of constructing the sidewalk thereon to be used by pedestrians. During the time that said repairs were being made, the walk on said bridge could not be used, and pedestrians were obliged to use that part of the bridge theretofore used for vehicle or automobile travel. It was while a pedestrian on said bridge that the claimant was struck by a hot rivet being thrown from one workman to another and which rivet was to be used in connection with the aforesaid repairs.
*89 It appears that the custom was to heat the rivets and then to throw them from the workman using the furnace for heating the rivets to another workman who was known as the “catcher” previous to inserting the rivet in the steel work of the bridge, and which “catcher” used a bucket for the purpose of receiving the rivet. The evidence shows that on the occasion in question the receiver, or “catcher” missed the rivet, the rivet striking die bed of the bridge and bounding in the direction of the claimant, striking her on the leg, inflicting a severe burn which required medical attention both at her home and at a hospital, and requiring as well her confinement to her home for several months.
The evidence clearly shows that the claimant had passed the “catcher” going in the same direction in which the rivet was thrown, and was in such close proximity to the operation in question that she could easily be seen, or ought to have been seen, previous to the time of the throwing of the rivet. In view of the fact that the bridge was open to pedestrians and travelers, and considering the nature of the work that was being carried on, it became tire duty of the state road commission and its employees to exercise the highest care in protecting pedestrians and travelers from injuries during the time that the said bridge was in the course of repair.
The evidence of the several witnesses, including one of the witnesses offered by the state, and who was engaged in the work at the time, conclusively shows that the claimant was in the exercise of her rights in crossing the bridge at the time and place in question, and had exercised all necessary care as such pedestrian and that the employees as hereinbefore noted, especially so the employee who was throwing the rivet at the time, had not taken the necessary precaution to protect the claimant as such pedestrian. The act of throwing the rivet, under the circumstances, before the claimant had gotten a sufficient distance from the “catcher” to be safe from any injury, was negligence on the part of the employee, for which the state road commission is liable.
The claim filed is in the amount of $2500.00. The evidence shows that claimant entailed expenses, including doctors’ and *90 hospital bills, in the amount of approximately $300.00; that she was obliged to have a maid in her home for a period of four months to do the work and to render the service which the claimant had theretofore done, and which she could not do by reason of her injuries. The evidence further shows (record pp. 33-54), that she suffered severe pain for a long period; that her suffering at times was acute and intense. Under all of these circumstances and conditions, and considering the evidence adduced in the hearing of the cause, we feel that an award for fifteen hundred dollars ($1500.00) is just and proper, and therefore recommend the said amount to the Legislature accordingly, in full payment and satisfaction for claimant’s injuries and damages.